IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| OFFICNE TECNOSIDER SRL, ) | |
| Plaintiff, ) | |
| v. ) | |
| UNITED STATES, ) | Court No. 23-00001 |
| Defendant, ) | |
| and ) | |
| NUCOR CORPORATION, ) | |
| Defendant-Intervenor. ) | |

## **DEFENDANT'S UNOPPOSED MOTION FOR VOLUNTARY REMAND**

Pursuant to Rule 7(b) of the Court of International Trade, defendant, the United States, respectfully moves for a voluntary remand in this matter. On May 5, 2023, counsel of record for the Government contacted counsel for each of the parties, seeking their consent to this motion. On May 5, 2023, Pierce Lee of Crowell & Moring LLP, stated that plaintiff, Officine Tecnosider SRL, agreed to the motion. On May 8, 2023, Chris Weld of Wiley Rein LLP, stated that defendant-intervenor, Nucor Corporation, takes no position on the motion.

As discussed below, we respectfully request that the Court remand this matter in its entirety to enable the Department of Commerce to analyze the monthly data that plaintiff Officine Tecnosider Srl (OTS) submitted in response to the section D questionnaire and to reconsider whether additional information regarding quarterly costs should be requested from OTS and/or whether the application of the quarterly cost methodology is appropriate.

If our request for a voluntary remand is granted, Commerce will have an opportunity to reconsider its determination regarding whether the application of the quarterly cost methodology is appropriate and, if appropriate, revise the dumping margin calculation for OTS.

## FACTUAL BACKGROUND

Plaintiff Officine Tecnosider Srl (OTS) has challenged the final results of the 2020-2021 administrative review of the antidumping duty order covering certain carbon and alloy cut-to-length plate from Italy.  *See Certain Carbon and Alloy Steel Cut-To-Length Plate from Italy,* 87 Fed. Reg. 75,219 (December 8, 2022) (final results of antidumping duty admin. review and determination of no shipments; 2020-2021) (*Final Results*), and the accompanying issues and decision memorandum (IDM).  Appx2302-Appx2337.

In its dumping calculations, "Commerce often uses cost averaged over the entire period of review, unless there are significant cost variations and those variations are linked to changes in sales prices."  *Rebar Trade Action Coalition v. United States*, 503 F. Supp. 3d 1295, 1298 (Ct. Int'l Trade 2021).  When those conditions are met, Commerce will normally use quarterly costs in its cost analysis rather than period-wide average costs."  *Id*.  Accordingly, Commerce requests information relating to these conditions from respondents, such as OTS, and determines based on reported information whether to use the period-average costs or to apply quarterly costs.

In the administrative review, consistent with its normal practice, Commerce issued its standard section D questionnaire to OTS, a respondent selected for individual examination.  The section D questionnaire requested that OTS report monthly inventory movement schedules for the three most significant direct material inputs in merchandise under consideration.  This information would allow Commerce to initially evaluate the extent to which costs for these inputs have changed.  *See* OTS October 18, 2021 Section D Response at D-6 (C.R. 151).  If the

reported cost changes appear significant in relation to cost of manufacturing, Commerce generally issues a supplemental questionnaire that requests quarterly cost information for the five largest home and U.S. market control numbers (CONNUMs) to determine the actual changes in the CONNUM-specific quarterly costs as well as potential linkage between the cost and prices.

In its response, OTS explained that "{t}he only significant direct material input used in producing the merchandise under consideration is steel slab" and reported its monthly inventory movement schedules for this input. *Id*.

On June 1, 2022, Commerce issued the preliminary results of the administrative review. *See Certain Carbon and Alloy Steel Cut-To-Length Plate from Italy: Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2020-2021*, 87 Fed. Reg. 34,246 (Dep't of Commerce June 6, 2022) (*Preliminary Results*), and accompanying PDM. Appx2261-Appx2264; Appx2271-Appx2290. In the preliminary results, Commerce applied its standard methodology using annual average costs based on the data reported by the respondents:

> We examined NVR's and OTS's cost data. Based on our review of the quarterly average prices of the three largest material inputs for each company, we determined that our quarterly cost methodology is not warranted for either respondent. Therefore, we applied our standard methodology of using annual average costs based on NVR's and OTS's reported data.

Appx2289.

In the final results, Commerce continued to apply its standard methodology of using annual average costs reported by OTS. Appx2302-Appx2304; Appx2305-Appx2337.

## ARGUMENT

I. **Standard Of Review**

An agency may ask the Court to remand a matter, without confessing error, so that it may

3

reconsider its prior position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). In *SKF USA*, the United States Court of Appeals for the Federal Circuit outlined various scenarios in which an agency may seek a remand including: (1) to reconsider its decision because of intervening events outside of the agency's control; (2) to reconsider its previous position (absent any intervening events) without confessing error; and (3) to change the result because the agency believes the original decision was incorrect on the merits. *Id.* at 1028. Moreover, remand to an agency is "appropriate to correct simple errors, such as clerical errors, transcription errors, or erroneous calculations." *Id.* at 1029.

A voluntary remand is "generally appropriate 'if the agency's concern is substantial and legitimate.'" *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010) (quoting *SKF USA*, 254 F.3d at 1029); *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); and *Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1338-39 (Ct. Int'l Trade 2005) (granting motion for voluntary remand, recognizing that the Government is presumed to act in good faith, and that this presumption may only be overcome by "well-nigh irrefragable proof"). "A concern is substantial and legitimate when (1) Commerce has a compelling justification, (2) the need for finality does not outweigh that justification, and (3) the scope of the request is appropriate." *Changzhou Hawd Flooring Co., Ltd. v. United States*, 6 F. Supp. 3d 1358, 1360 (Ct. Int'l Trade 2014) (citing *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013)). Furthermore, when an agency seeks a voluntary remand "to correct a mistake or address some other substantial and legitimate concern, it is far more sensible for a court to defer to the agency whose expertise, after all, consists of administering the statute." *Gleason Indus. Prod. Inc. v. United States*, 31 C.I.T.

393, 396 (2007).

## II.     The Court Should Grant Commerce's Request For A Voluntary Remand

OTS alleges that the agency failed to analyze data submitted by OTS in response to Commerce's section D questionnaire regarding the issue of quarterly costs, or alternatively failed to disclose such analysis.  Specifically, OTS contends that "despite {Commerce's} claim that it has reviewed the quarterly average prices of the inputs, Commerce did not disclose its analysis or how that analysis supported the decision."  OTS Br. at 9 (ECF No. 25 at 9 (Mar. 17, 2023)).  OTS also contends that "Commerce deviated from its established practice by failing to consider its criteria for applying the quarterly cost methodology" and that "Commerce also failed to provide a reasonable explanation for the decision, making it arbitrary, capricious and otherwise not in accordance with law."  *Id*. at 24.

In preparing our response to OTS's brief, we were unable to find Commerce's analysis of the quarterly average prices of steel slab, *i.e.*, OTS's only significant direct material input, that OTS submitted on the administrative record.  Accordingly, Commerce respectfully requests that the Court remand the entire matter to the agency[1] so that Commerce can reconsider the information that OTS submitted in response to Commerce's initial section D questionnaire and, if appropriate, seek additional quarterly cost information from OTS and revise the dumping calculations consistently with the agency's practice.

Our requested voluntary remand is substantial and legitimate, and provides a logical and coherent path forward.  If our request is granted, Commerce expects that it would be able to

---

[1] With respect to the application of the 90/60 day rule, Commerce concluded that it was unnecessary to address OTS's arguments because they were contingent on the application of the quarterly cost methodology, which Commerce did not apply.  IDM at 33.  Accordingly, if Commerce applies its quarterly cost methodology on remand, it will also be necessary to address the arguments regarding the application of the 90/60 day rule.

complete and file with the Court its remand determination within 120 days of the remand order. The time requested is based, in part, on the possibility that it may be necessary to seek additional information from the respondent regarding its quarterly costs.

Because a voluntary remand may obviate the need for further briefing on plaintiff's motion for judgment on the agency record, we respectfully request that the Court stay the current briefing schedule pending its resolution of the remand redetermination.  Should the Court grant Commerce's request, we respectfully propose that the Court provide 120 days for Commerce to submit its remand redetermination to the Court and permit plaintiff to file comments on the remand redetermination with the Court within 30 days after Commerce files its remand redetermination, with any response to the comments due 30 days thereafter.

## CONCLUSION

For these reasons, we respectfully request that the Court remand this matter in its entirety to Commerce for further administrative proceedings.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

/s/ Augustus Golden
OF COUNSEL:      AUGUSTUS J. GOLDEN
MYKHAYLO A. GRYZLOV      Trial Attorney
Senior Counsel      U.S. Department of Justice


| | |
|---|---|
| Office of the Chief Counsel<br>    for Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>Washington, D.C. | Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 507-6089<br>Fax: (202) 307-0972<br>Email: augustus.j.golden@usdoj.gov |
| May 8, 2023 | Attorneys for Defendant |

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| OFFICNE TECNOSIDER SRL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> NUCOR CORPORATION, ) <br> ) <br> Defendant-Intervenor. ) | Court No. 23-00001 |

**<u>ORDER</u>**

Upon consideration of the defendant's unopposed motion for voluntary remand, it is hereby ORDERED that the motion is granted; and it is further

ORDERED that the case is remanded to the Department of Commerce to consider the issues of quarterly costs and the 90/60 day rule and, if appropriate, to recalculate resulting dumping calculations; and it is further

ORDERED that Commerce shall file its remand redetermination with the Court no later than 120 days after the date of this order; and it is further

ORDERED that parties shall file their comments on the remand redetermination, if any, no later than 30 days after Commerce files its remand redetermination and any response to the comments shall be filed no later than 30 days after the comments are filed; and it is further

ORDERED that all other briefing in this case is stayed until further notice.

Dated: _____        _____
       New York, New York                                        Stephen A. Vaden, Judge